Case 1:25-cv-06204-JGK    Document 28-1    Filed 04/07/26    Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN MITCHELL,

        Plaintiff,

    v.

RIVERBAY CORPORATION AND DOUGLAS
ELLIMAN PROPERTY MANAGEMENT,

        Defendant(s).

Case No. 1:25-cv-06204-JGK

[PROPOSED]

**PROTECTIVE ORDER**

Plaintiff Warren Mitchell and Defendants Riverbay Corporation and Douglas Elliman Property Management have agreed to the terms of this Order; accordingly, it is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.    Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2.    Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. Confidential Information must be stored and

maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.    In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

    e.  Any mediator appointed by the Court or selected by the parties;

    f.  The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions;

    g.  directors, officers, and employees of the Parties in this action, whose duties require them to assist Counsel in this action;

h.  the individual or individuals who are included in any audio, visual or electronic recordings produced in this case, except such individual or individual may not retain the Confidential Information.

5.  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a.  inform the person of the confidential nature of the information or documents; and

b.  inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c), 4(d), 4(e), 4(f), 4(g), and 4(h),  only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. If a party unintentionally or inadvertently discloses documents or material that contains Confidential Information, privileged or otherwise immune from discovery, the party must

3

75747\328482325.v2

Case 1:25-cv-06204-JGK    Document 28-1    Filed 04/07/26    Page 4 of 6

immediately notify in writing to the producing party of the unauthorized disclosures and shall return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days. Nothing in this paragraph shall prevent the receiving party from challenging the producing party's claim of privilege upon return of the disputed documents or material.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

10.     At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

11.     Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's client with respect to this action and in the course thereof, relying upon an examination of Confidential Information, provided, however, that in rendering such

4

75747\328482325.v2

Case 1:25-cv-06204-JGK   Document 28-1   Filed 04/07/26   Page 5 of 6

advice and in otherwise communicating with the client, the counsel shall not disclose any Confidential Information, nor the source of any Confidential Information, to anyone not authorized to receive such Confidential Information pursuant to the terms of this Order. Further, the disclosure, receipt and use by Counsel of any such Confidential Information for the purposes of prosecuting or defending this litigation shall not constitute a violation of any federal, state or local laws governing the access, use, interception, dissemination, transmission of any written, oral, or electronic communications including, but not limited to, privacy, data security, computer or electronic storage laws.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

IT IS SO ORDERED.

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

Date: 4/7/26

_____
Hon. John G. Koeltl
United States District Judge

75747\328482325.v2

Case 1:25-cv-06204-JGK    Document 28-1    Filed 04/07/26    Page 6 of 6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN MITCHELL,<br><br>    Plaintiff,<br><br>   v.<br><br>RIVERBAY CORPORATION AND DOUGLAS ELLIMAN PROPERTY MANAGEMENT,<br><br>    Defendant(s). | Case No.  1:25-cv-06204-JGK |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with this action have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____    DATED:

Signed in the presence of:


_____

(Attorney)